IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID L. T.,**
    **Plaintiff,**

vs.

                                        Case No.: 1:23-cv-00398-KRS

**FRANK BISIGNANO,**
  **Acting Commissioner of Social Security,**
    **Defendant.**

## ORDER GRANTING 42 U.S.C. § 406(b) ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum ("Motion"), filed on November 13, 2025. (Doc. 25). Plaintiff's counsel, Laura J. Johnson ("Ms. Johnson" or "Plaintiff's counsel"), conferred with Defendant regarding the Motion pursuant to D.N.M. LR-Civ. 7.1(a). *Id.* at 2. Defendant neither supported nor opposed the Motion. (*Id.*; *see also* (Doc. 26).) Plaintiff subsequently filed a Notice of Briefing Complete. (Doc. 27).

In the Motion, Plaintiff's counsel petitions the Court for an order authorizing attorney fees in the amount of $37,656.00 for legal services rendered before this Court. (Doc. 25 at 7). Having considered the Motion, the record in this case, and relevant law, the Court finds that the Motion is well-taken and should be **GRANTED**.

**I.**     **PROCEDURAL BACKGROUND**

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of his application for Social Security disability benefits. This Court reversed the decision of the Commissioner and remanded for a new hearing. Subsequently, the Court awarded Plaintiff attorneys' fees in the amount of $6,800.00 pursuant to the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412. *See* Civ. No. 1:23-cv-00398-KRS, (Doc. 23).

Following this Court's remand, the Social Security Administration ("SSA") found Plaintiff to be disabled; and, on September 21, 2025, issued a Notice of Award in the amount of $190,624.00 in past due benefits. (*See* Docs. 25 at 2, 4; 25-1 at 16). Plaintiff was further notified that the SSA withheld $47,656.00 from his total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes twenty-five percent of total backpay benefits. (*See* Docs. 25 at 2, 4; 25-1 at 16).

Plaintiff's counsel now seeks an award of $37,656.00, approximately twenty percent of the total past-due benefits awarded to Plaintiff, pursuant to the contingency fee agreement entered into with Ms. Johnson. (*See* Docs. 25 at 5; 25-1 at 25-26). In the Motion, Plaintiff's counsel explains that she will refund to Plaintiff $6,800.00 in EAJA fees previously awarded by the Court, which would result in an hourly rate of $645.90. *See* (Doc. 25 at 6-7). As stated above, Defendant takes no position on the Motion. *See* (Doc. 26).

**II.     ANALYSIS**

A court may award fees under Section 406(b) when, as here, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). "The tenor of § 406(b) is permissive rather than mandatory." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). "It says that the court may make such an award, not that such an award shall be made." *Id.* Traditionally, an award of attorney fees is a matter within the sound discretion of the court. *Id.*

Section 406(b) does impose some guidelines, however, permitting only "a reasonable fee

for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, Section 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934.

The reasonableness of Section 406(b) fees is determined largely by "the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionally large in comparison to the amount of time spent on the case. *See id.* Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id.* at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing a claimant in federal court, a court may also require an attorney to submit a statement of her normal hourly billing rate for non-contingency fee cases. *Id.*

In the context of a Section 406(b) fee request, the court's first inquiry is whether the fee agreement between the claimant and his attorney meets Section 406(b) guidelines. Although Section 406(b) does not prohibit contingency fee agreements, it does render them unenforceable to the extent that they provide fees in excess of 25 percent of the past-due benefits. *Id.* at 807. Here, the contingency agreement between Plaintiff and his attorney provided that if Plaintiff was awarded benefits by the SSA following a remand that Ms. Johnson would be entitled to "twenty-

five percent (25%) of my and my family's past-due benefits." (Doc. 25-1 at 25, 26). Thus, on its face, Plaintiff's fee agreement meets Section 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, Section 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Applying the factors outlined in *Gisbrecht*, the Court finds that Ms. Johnson achieved a fully favorable result for Plaintiff in this case, resulting in a significant past-due payment as well as a continuing monthly award. Moreover, the Court cannot say that Ms. Johnson was responsible for any delay in the resolution of this case. The instant motion was filed less than two months after Plaintiff received notice of entitlement to past-due benefits.

An attorney's experience is another relevant factor when considering a Section 406(b) fee request. *See Gordon v. Astrue*, 361 F. App'x 933, at 2–3 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established by the Seventh Circuit in *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). Ms. Johnson has been practicing law for approximately eight years. (Doc. 25-1 at 27). She is a member of the National Organization of Social Security Representatives, is a member of the New Mexico Social Security Attorneys Association, and regularly practices in federal court. (*Id.* at 28). In addition, the Court finds that Ms. Johnson's representation of Plaintiff in this case was more than adequate. Ms. Johnson's Motion to Reverse and Remand was thorough and persuasive. *See* (Doc. 14). It is telling that after its filing, Defendant moved for remand in lieu of filing a brief in opposition. *See* (Doc. 19).

The Court further finds that the requested fees are below the 25% permitted by the retainer

agreement and proportionate given the amount of time (58.3 hours) spent on the case. (Doc. 25 at 4-5). The requested attorney fees represent an hourly rate of $645.90 and would therefore be in line with other fee awards authorized in this District under § 406(b). *See e.g.*, *Esperanza L. v. Colvin*, No. 1:23-cv-00478-KRS, 2025 U.S. Dist. LEXIS 9759, at *4, 2025 WL 212316 (D.N.M. Jan. 16, 2025) (23.6 hours for an hourly rate of $426.08); *Audry R. v. Colvin*, No. 1:22-cv-00474-KRS, 2024 U.S. Dist. LEXIS 224434, at *4, 2024 WL 5076214 (D.N.M. Dec. 11, 2024) (29.6 hours for an hourly rate of $537.30); *Ornelas v. O'Malley*, No. 21-01031 KRS, 2024 U.S. Dist. LEXIS 107388, at *4, 2024 WL 3045280 (D.N.M. June 17, 2024) (37.7 hours for an hourly rate of $268.22,); *Maldonado v. Kijakazi*, No. 20-CV-01119-KRS, 2023 U.S. Dist. LEXIS 158508, at *8, 2023 WL 5748757 (D.N.M. Sep. 6, 2023) (37.8 hours for an hourly rate $636.70); *Lovato v. Kijakazi*, No. 20-cv-187-KRS, 2023 U.S. Dist. LEXIS 18802, at *7, 2023 WL 1765380 (D.N.M. Feb. 3, 2023) (24.5 hours for an hourly rate of $524.98). And the Court's own research also reveals a handful of cases in which Section 406(b) fees authorized in this District have approached or exceeded the hourly rate at issue here. *See, e.g.*, *Kelley v. Saul*, No. CIV 16-618 GJF, 2020 U.S. Dist. LEXIS 122691, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) (31.5 hours for an hourly rate of $1,073.68); *Baca v. Saul*, No. CV 17-449 CG, 2020 U.S. Dist. LEXIS 30576, 2020 WL 871547, at *2-3 (D.N.M. Feb. 21, 2020) (24.3 hours for an hourly rate of $1,025.00 to an attorney with over thirty years of experience); *Valdez v. Saul*, Civ. No. CV 18-444 CG, 2019 U.S. Dist. LEXIS 158041, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) (28.6 hours for an hourly rate of $787.00); *Threadgill v. Berryhill*, No. CV 16-0287 JHR, 2019 U.S. Dist. LEXIS 63425, 2019 WL 1494034, at *2 (D.N.M. April 4, 2019) (18.45 hours for an hourly rate of $746.00).

Having performed its "independent check" duties, the Court finds the requested award of

$37,656.00 to be both appropriate and reasonable. Because Ms. Johnson will have secured both EAJA and Section 406(b) fees, she must refund to Plaintiff the amount of the smaller fee, which in this case is the EAJA fee of $6,800.00.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**. The Court hereby authorizes $37,656.00 in attorney fees for legal services rendered in United States District Court, to be paid by the Social Security Administration out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that Ms. Johnson shall refund to Plaintiff the EAJA fee of $6,800.00, previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796. *See also Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE